UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDAL LEFEVERS and
JACK MATHIS, JR.,

       Plaintiff,                           CASE NO. 03-71847

v.                                         PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

MGM GRAND DETROIT, L.L.C.,
a Delaware Limited Liability Company,

       Defendant,
_____/

ORDER GRANTING COUNSEL FOR PLAINTIFFS'
ATTORNEYS FEES AND COSTS

On February 16, 2006, the law firm of Roy, Shecter & Vocht, P.C., Counsel for the 22 collective plaintiffs in the instant case, filed an application for attorneys fees and costs for services rendered for the period August 2003 through February 16, 2006. On March 2, 2006, Defendant MGM Grand filed a brief in opposition. On March 23, 2006, Plaintiffs' filed a Reply.

Title 29 United States Code §216(b) states that in a case under the Fair Labor Standards Act, "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys fee to be paid by the defendant, and costs of the action."

The Court will apply a $275 hourly rate for all three senior attorneys – Roy, Shecter & Vocht – rather than the $300 hourly rate requested by Plaintiffs. The Court concludes that this is an appropriate rate in the Detroit Metropolitan Area. Indeed, Defendant's response acknowledged the appropriateness of a $275 hourly rate, albeit for only one of Plaintiffs'

1

attorneys: William A. Roy - $275 per hour; Michelle E. Vocht - $250 per hour; and Lynn Shecter - $250 per hour. Defendant's Brief in Opposition, P.3. The Court concludes that all three are outstanding attorney specialists in this field; all deserve $275 per hour.

The Court recognizes and appreciates the expertise and experience of the Plaintiff's attorneys in this case, and concludes that this expertise has facilitated the settlement of this case after protracted and difficult discovery, caused in part by Defendant's lack of initial production of records. The records, subsequently produced, required interpretation and tabulation.

The Court rejects Defendant's claim that Plaintiff's attorneys should have hired and used paralegals or less experienced attorneys in the discovery process, which was made complex because of Defendant's inability to initially find records, and then belatedly produce records that required interpretation by the expert plaintiff attorneys.

Applying the *Johnson* factors,[1] the Court concludes that the time and labor required was significant, that there was difficulty in producing the case settlement, and the expertise of the plaintiffs' attorneys is both evident to this Court and the legal community.

As to in-court appearances by Counsel for Plaintiffs, the Court will strike as unnecessary second counsel's appearances at the status conferences on May 20, 2005 and January 26, 2006. The Court will allow the claim for two counsel at the settlement conference of February 2, 2006.

Consistent with the aforementioned reductions:

(1) $275 hourly fee for attorneys Roy, Shecter & Vocht,

---

[1] The *Johnson* factors were developed in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-719 (5th Cir. 1974), applied by the Supreme Court in *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989), and applied by the Sixth Circuit, *Reed v. Rhodes*, 179 F.3d 453, 471-73 (6th Cir. 1999).

(2) Reduction of 1 attorney's claims for attending the status conferences of May 20, 2005 and January 26, 2006,

the Court will approve Plaintiffs requested fees and costs.  The Court concludes the Plaintiffs have substantiated the reasonableness of the fees requested.

The Court orders Plaintiffs to recalculate the fee request as ordered above and submit the recalculated amount to Defendants and the Court.  The Court will provide Defendants one week from the receipt of the recalculation per this Court Order, to object, limited to the correctness of the recalculations.

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 30, 2006.

S/Jonie Parker
Case Manager

3